# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

FRANKIE L. JONES, :
:
        Plaintiff, :
: NO. 5:18-CV-00198-MTT-CHW
VS. :
:
WARDEN ANNETT TOBY, *et al.*, :
:
        Defendants. :
_____ :

## ORDER

*Pro se* Plaintiff Frankie L. Jones, an inmate most recently confined at the Telfair State Prison in Helena, Georgia, filed a document that was construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On September 6, 2018, the United States Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $17.83. Plaintiff was also advised that if circumstances had changed, and he was unable to pay the initial partial filing fee as ordered, he could file a renewed motion for leave to proceed *in forma pauperis* explaining his inability to pay. Plaintiff was given twenty-one (21) days to comply, and he was warned that failure to comply may result in dismissal by the Court. Order, Sept. 6, 2018, ECF No. 8.

The time for compliance passed. Plaintiff did pay an initial partial filing fee of $12.00, but he did not file a renewed motion for leave to proceed *in forma pauperis* or otherwise explain why he did not pay the remaining balance of the initial partial filing fee that was ordered. Plaintiff also failed to recast his Complaint as ordered. As such, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff was

given twenty-one (21) days to comply, and he was again warned that failure to fully and timely comply with the Court's orders and instructions would result in dismissal of his Complaint. Order, Nov. 6, 2018, ECF No. 9.

The time for compliance has now passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).[1]

**SO ORDERED**, this 22nd day of January, 2019.


s/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears the statute of limitations may have run or is about to run on at least some of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on more than one occasion and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).